UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANA NATALE,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER JACKSON PRINCE,<br><br>Defendant. | Civil Action No. 1:26-cv-14514-JCB |

ORDER
October 9, 2026

Boal, M.J.

Plaintiff Diana Natale, a resident of Westport, Massachusetts, proceeding *pro se*, filed a complaint asserting against the defendant, a resident of South Carolina, claims for defamation, libel, invasion of privacy, intentional infliction of emotional distress, and violations of several Massachusetts and federal statutes including the Stored Communications Act (SCA), 18 U.S.C. § 2701 et seq. [Doc. No. 1]. With the complaint, Natale filed an application to proceed in district court without prepaying fees or costs, which is also referred to as a motion to proceed *in forma pauperis* ("IFP motion"), [Doc. No. 3], a motion for leave to file electronically *pro se*, [Doc. No. 4] and a motion for leave to file IFP motion under seal. [Doc. No. 2].

Upon review it is hereby Ordered

1. Plaintiff's motion to proceed *in forma pauperis,* [Doc. No. 3], is ALLOWED.

2. Plaintiff's motion to file motion to proceed *in forma pauperis* under seal, [Dkt. No. 2], is ALLOWED. The public has a "presumptive" right of access to judicial documents, United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7,

10 (1st Cir. 1998)), and "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Ordinarily, access to motions to proceed *in forma pauperis* are restricted to parties and court users. Here, however, plaintiff provides an adequate basis to justify the impoundment of the IFP motion.

3. The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

4. The Clerk shall issue a summons for service of the complaint and shall send the summons, consent package, a copy of the complaint, and this Order to the plaintiff, who must serve the defendant with these documents in accordance with Rule 4(m) of the Federal Rule of Civil Procedure.

5. Because the plaintiff is proceeding *in forma pauperis*, she may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with all papers for service and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff blank USM-285 forms and instructions for service by the USMS.

6. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

DATED: October 9, 2026